### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-21718-BLOOM/Elfenbein

ALEXANDRA DEMAIO,
*on behalf of minors L.D., H.D.,*
*and R.D.,* TARA RECINE,

      Plaintiffs,

v.

ROYAL CARIBBEAN GROUP,

      Defendant.

_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS
## PLAINTIFF'S SECOND AMENDED COMPLAINT

**THIS CAUSE** is before the Court upon Defendant Royal Caribbean Group's ("Royal Caribbean") Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion"), ECF No. [30]. Plaintiff Alexandra DeMaio ("DeMaio") filed a Response, ECF No. [41], to which Royal Caribbean filed a Reply, ECF No. [45]. The Court has reviewed the Motion, the Response, the Reply, the record in this case, and is otherwise fully advised. For the reasons set forth below, Royal Caribbean's Motion is granted in part and denied in part.

## I.     BACKGROUND

On April 14, 2025, DeMaio filed a Complaint against Royal Caribbean, ECF No. [1], that was thereafter dismissed without prejudice for failure to timely serve Royal Caribbean. ECF No. [9]. On July 28, 2025, DeMaio filed a First Amended Complaint, ECF No. [10], and then filed the operative Second Amended Complaint ("SAC") on September 23, 2025. ECF No. [28].[1] The

---

[1] DeMaio filed a Motion for Leave to Amend and a Third Amended Complaint on October 17, 2025. ECF No. [33], [34]. The Court denied that motion and struck the Third Amended Complaint. ECF No. [37].

Motion now before the Court is Royal Caribbean's Motion to Dismiss Plaintiff's Second Amended Complaint, ECF No. [30].

The SAC names DeMaio and her mother, Tara Recine ("Recine"), as Plaintiffs and asserts claims on behalf of DeMaio's three minor children, L.D., H.D., and R.D. DeMaio asserts that she, Recine, and her children were passengers aboard *Mariner of the Seas*, a Royal Caribbean vessel operating a five-night cruise from Port Canaveral, Florida to Cozumel, Mexico. ECF No. [28] at 6. The SAC alleges that on April 14, 2024, DeMaio reported an incident of voyeurism involving one of her children and a passenger in a neighboring cabin. *Id.* at 6. Royal Caribbean security responded to a call from the neighboring passenger, and Royal Caribbean employees entered DeMaio's cabin. *Id.* at 6. Royal Caribbean employees blocked the doors to DeMaio's cabin, restricted DeMaio's and her child's movement within the room, and did "not allow[] them to leave." *Id.* at 9. DeMaio repeatedly told staff their presence was intrusive, scary, and traumatizing. *Id.* at 10. Recine and DeMaio's two other children were outside the cabin with "fear and anxiety" because they did not know what was happening within the cabin. *Id.* at 10.

Royal Caribbean employees moved DeMaio to a "confinement cabin" where employees failed to respond to her requests for food, water, feminine hygiene products, and a change of clothes, and delayed responding to her medical needs. *Id.* at 7-9. Royal Caribbean employees prevented DeMaio from closing the door to the confinement cabin and had an employee "seated outside of the door around the clock." *Id*. at 11. DeMaio was kept in the confinement room for 24 hours, until April 15, 2024, when DeMaio, her children, and Recine requested to end the cruise early, disembarking in Mexico. *Id.* at 10. The SAC asserts claims of negligence, false imprisonment, and intentional infliction of emotional distress. *Id.*

In the Motion, Royal Caribbean argues that any claims DeMaio brought on behalf of

Recine and DeMaio's children should be dismissed for "lack of standing and improper representation." ECF No. [30] at 4. Royal Caribbean also contends the SAC should be dismissed as a "shotgun pleading" for failing to conform to "applicable pleading standards." *Id*. at 6-7. Moreover, the claim of false imprisonment should be dismissed for failing to allege facts sufficient to support a claim. *Id*. at 7-9. DeMaio responds that she, Recine, and her children are co-Plaintiffs and that the SAC is a "clear and concise" statement of her claims. ECF No. [41] at 3-4.

## II.    LEGAL STANDARD

### A.  *Pro Se* Pleadings

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). This leniency, however, does not confer on *pro se* litigants "a right to receive special advantages not bestowed on other litigants. [The *pro se* litigant] must, for example, abide by local rules governing the proper form of pleadings." *Procup v. Strickland*, 760 F.3d 1107, 1115 (11ᵗʰ Cir. 1985). Further, courts cannot serve as *de facto* counsel for a party and cannot rewrite a deficient pleading for the sake of sustaining an action. *Jarzynka v. St. Thomas Univ. of Law*, 310 F.Supp. 2d 1256, 1264 (S.D. Fla. 2004). The Court cannot simply "fill in the blanks" to infer a claim, *Brinson v. Colon*, 2012 WL 1028878, at *1 (S.D. Ga. Mar. 26, 2012), as "it is not the Court's duty to search through a plaintiff's filing to find or construct a pleading that satisfies Rule 8," *Sanders v. United States*, 2009 WL 121636, at *3 (N.D. Ga. Jan. 22, 2009).

### B.  *Pro Se* Representation

Under 28 U.S.C. § 1654, parties have a right to represent themselves in court. 28 U.S.C. § 1654 ("[T]he parties may plead and conduct their own cases personally or by counsel"). This right does not extend to representing the interests of another person. *See FuQua v. Massey*, 615

F. App'x 611, 612 (11th Cir. 2015) ("The right to appear *pro se*, however, is limited to parties

conducting 'their own cases,' and does not extend to non-attorney parties representing the interests

of others."). This limitation includes prohibiting parents from representing the interests of their

children. *See Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997) *overruled*

*in part on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516

(2007) ("[P]arents who are not attorneys may not bring a *pro se* action on their child's behalf[.]").

Federal Rule of Civil Procedure 17(c) allows parents to sue on behalf of their minor children, but

it does not allow them to serve as their minor's counsel. *See Devine*, 121 F.3d at 581 ("Likewise,

Rule 17(c) is unavailing; it permits authorized representatives, including parents, to sue on behalf

of minors, but does not confer any right upon such representatives to serve as legal counsel.").

### C. Failure to State a Claim

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain

statement of the claim" that shows that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). "A

party must state its claims or defenses in numbered paragraphs, each limited as far as practicable

to a single set of circumstances." Fed. R. Civ. P. 10(b). Although a complaint "does not need

detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s

pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further

factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Factual

allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550

U.S. at 555. If the allegations satisfy the elements of the claims asserted, a defendant's motion to

dismiss must be denied. *See id.* at 556.

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678.

**D.   Shotgun Pleading**

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading [violates Rule 8(a)(2) and] constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x. 274, 277 (11th Cir. 2008) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128-29 (11th Cir. 2001)). Such unclear pleadings "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018) (*quoting Cramer v. Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997)). The negative externalities also extend beyond a single case. "[J]ustice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Id.* Accordingly, shotgun pleadings are condemned by the Eleventh Circuit, which has specifically instructed district courts to dismiss shotgun pleadings as "fatally defective." *B.L.E. v. Georgia*, 335 F. App'x. 962, 963 (11th Cir. 2009) (citations omitted).

The Eleventh Circuit has identified four types of shotgun pleadings, the "unifying characteristic" of which being that all shotgun pleadings "fail . . . to give the defendants adequate

notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). The first and "most common type" of shotgun pleading "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321 The second type of shotgun pleading is the complaint that is "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. Third is the pleading "that commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1323. Fourth is the pleading that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* The "unifying characteristic of shotgun pleadings is that they fail "to give defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*

## E.  Leave to Amend

The Federal Rules of Civil Procedure allow a party to amend its pleading with the court's leave, and state that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend should be given freely "in the absence of any apparent or declared reason – such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.* "Generally, when 'a more carefully drafted complaint' might state a claim, the plaintiff must be given a chance to amend before dismissal." *Hollis v. W. Acad. Charter, Inc.*,

782 F. App'x 951, 955 (11th Cir. 2019) (quoting *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)).

### F. General Maritime Law

In cases involving alleged torts "committed aboard a ship sailing in navigable waters," the applicable substantive law is general maritime law, the rules of which are developed by the federal courts. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989) (citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959)); *see also Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990) ("Because this is a maritime tort, federal admiralty law should control."). In the absence of well-developed maritime law, courts may supplement the maritime law with general common law and state law principles. *See Smolnikar v. Royal Caribbean Cruises, Ltd.*, 787 F. Supp. 2d 1308, 1315 (S.D. Fla. 2011). "In analyzing a maritime tort case, [courts] rely on general principles of negligence law." *Chaparro*, 693 F.3d at 1336 (quoting *Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980)).

### III.   DISCUSSION

### A. Claims Brought on Behalf of Others

Royal Caribbean argues the claims brought on behalf of DeMaio's minor children and her mother should be dismissed because DeMaio is not a licensed attorney and cannot represent others as a *pro se* Plaintiff. ECF No. [30] at 3-4. As a *pro se* Plaintiff, DeMaio cannot bring claims on behalf of others, including her mother and her minor children. *See FuQua*, 615 F. App'x at 612; *Devine*, 121 F.3d at 581. Minors cannot bring their own claims without an authorized representative. *See* Fed. R. Civ. P. 17(c). DeMaio responds that she and Recine are *pro se* co-Plaintiffs. ECF No. [41] at 3.

Here, however, only DeMaio signed the SAC. ECF No. [28] at 5. Accordingly, the claims DeMaio brings on behalf of her three minor children must be dismissed. To the extent DeMaio and Recine seek to pursue their claims as *pro se* co-Plaintiffs, all pleadings must conform with Federal Rule of Civil Procedure 11.

**B. Shotgun Pleading**

Royal Caribbean argues that the SAC is "vague, confusing, and deficient under applicable pleading standards." ECF No. [30] at 7. Plaintiffs disagree. For the reasons discussed below, the SAC constitutes a shotgun pleading warranting dismissal.

The SAC exemplifies the third common type of shotgun pleading where it "commits the sin of not separating into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1322. The SAC asserts three claims against Royal Caribbean: negligence, false imprisonment, and intentional infliction of emotional distress (IIED). Although the SAC identifies three separate claims, the claims include multiple theories of liability and commingle separate claims alleged in the SAC. For example, under the "Negligence" claim, the SAC alleges Royal Caribbean was negligent in its "failure to act in taking [DeMaio's] report [of voyeurism] seriously and investigating." ECF No. [28] at 7. The "Negligence" claim also alleges Royal Caribbean's "negligence and dereliction of duty continued" when DeMaio was placed in a "confinement cabin" and Royal Caribbean employees failed to respond to her requests for food, water, feminine hygiene products, and a change of clothes, and delayed responding to her medical needs. ECF No. [28] at 7-9. This claim further alleges that Royal Caribbean employees committed "medical malpractice and negligence" in their handling of DeMaio's wound care. *Id*. at 8. These allegations suggest multiple theories of liability but are all contained under one negligence claim.

Furthermore, under the "Negligence" claim, DeMaio alleges she was "falsely imprisoned"

for 24 hours in a "confinement cabin." *Id*. at 7. The allegation and associated facts regarding the "confinement cabin" are commingled with facts and allegations of negligence and are not separated into different claims. The SAC alleges a separate claim of "False Imprisonment," though that claim alleges false imprisonment on the basis of Royal Caribbean's presence in DeMaio's cabin, which suggests a separate theory of liability than the facts alleged regarding the "confinement cabin." Combining these claims under one count of "Negligence" fails to separate each claim for relief in a distinct count and prevents Royal Caribbean from being able to meaningfully respond to the allegations. As a result, the SAC constitutes a shotgun pleading requiring dismissal.

Moreover, the SAC is an example of the first common type of shotgun pleading that "adopts the allegations of all preceding counts, causing each successive count to carry all that came before." *Weiland*, 792 F.3d at 1321. For example, under the IIED claim, the SAC relies on facts stated under the negligence claim. This claim refers to "their behavior" and "their presence," seemingly referring to the actions of Royal Caribbean employees in DeMaio's cabin – the details of which are alleged under the negligence and false imprisonment claims and are not restated in the IIED claim. *See* ECF No. [28] at 10. Under the false imprisonment and IIED claims, it is unclear which facts are being alleged to sustain these claims. Each claim must clearly state all facts upon which it relies even if the claim relies on the same facts stated earlier in the SAC.

Royal Caribbean further argues that the SAC is deficient because it is not clear which Plaintiff is bringing each claim "rendering the scope of the allegations ambiguous." ECF No. [30] at 2. The Court agrees. Because the SAC fails to comply with Rules 8(a)(2) and 10(b), the SAC does not provide Royal Caribbean with "adequate notice of the claims against [it] and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. As such, the SAC is a shotgun pleading

requiring dismissal.

To the extent DeMaio and Recine pursue their claims as *pro se* co-Plaintiffs, the complaint should state clearly which Plaintiffs are bringing each claim. Should the complaint assert multiple claims for relief, each claim must be stated separately in a distinct count and allege facts sufficient to support each element of each cause of action.

### C.  False Imprisonment Claim

Royal Caribbean seeks dismissal of DeMaio's "False Imprisonment" claim for failing to allege facts sufficient to support a claim. ECF No. [30] at 7. In the alternative, Royal Caribbean seeks a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Because of the deficiencies in the SAC noted above, dismissal of the SAC, including the false imprisonment claim, is warranted on "shotgun pleading" grounds, not under Rule 12(b)(6). *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018) (indicating that dismissal as a shotgun pleading is dismissal on "non-merits Rule 8 grounds.").

### D.  Leave to Amend

DeMaio did not request leave to amend the SAC in her Response. However, "when 'a more carefully drafted complaint' might state a claim, the plaintiff must be given a chance to amend before dismissal." *Hollis*, 782 F. App'x at 955. Although DeMaio has filed multiple amended complaints, DeMaio has not yet been given the chance to correct the deficiencies identified above. The Court will permit DeMaio the opportunity to file a third amended complaint that complies with the scope of representation for *pro se* litigants as well as Rules 8 and 10 of the Federal Rules of Civil Procedure.

### IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

Case No. 25-cv-21718-BLOOM/Elfenbein

1. Defendant's Motion, **ECF No. [30]**, is **GRANTED in part and DENIED in part.**

2. Plaintiff's Second Amended Complaint, **ECF No. [28]**, is **DISMISSED WITHOUT PREJUDICE**.

3. On or before **March 2, 2026**, Plaintiff shall file a Third Amended Complaint that corrects the deficiencies noted above.

4. Failure to comply with this Order will result in dismissal of this case without further notice.

   **DONE AND ORDERED** in Chambers at Miami, Florida, on February 9, 2026.

   _____
   **BETH BLOOM**
   **UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Alexandra DeMaio
141 Coram Lane
Orange, CT 06477
JoybellaLLC@gmail.com
PRO SE

Tara Recine
141 Coram Lane
Orange, CT 06477
JoybellaLLC@gmail.com
PRO SE